# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMPKIN WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. HERRERA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-01320-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 16)<br><br>OBJECTION DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.    Procedural History**

Plaintiff Lumpkin Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed September 10, 2007, against Defendants Herrera, Williams, McBride, Duty, Diaz, Hill, Clark, Navarro, Petrick, Beels, Mattingly, and Lanz for retaliation in violation of the First Amendment, and for endangering Plaintiff's safety in violation of the Eighth Amendment. On August 8, 2008, Defendants Herrera, Williams, McBride, Duty, Diaz, Clark, Navarro, Beels, Mattingly, and Lanz ("Defendants") filed a motion to dismiss for failure to exhaust the available administrative remedies.[1] (Doc. 16.) Plaintiff did not file a response.[2] Local Rule 78-230(m).

---

[1] Defendants Hill and Petrick were not located by the United States Marshal, and service was returned un-executed. (Docs. 14, 15.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 11, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 13.)

1

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendants' Motion

In his complaint, Plaintiff alleges that Defendants retaliated against him for filing a previous lawsuit by housing him with a dangerous, mentally unstable inmate with the goal of having him hurt or killed. (Doc. 1, Comp., § IV.) When Plaintiff informed staff that the other inmate had a knife and had threatened him, Plaintiff was placed in lock-up, and charged with and found guilty of planting the knife. (Id.) Plaintiff was given ten months in lock-down, and his property was packed and labeled with his cellmate's name, allowing the cellmate to access and steal items. (Id.) The Court found cognizable claims for retaliation and endangerment of Plaintiff's personal safety. (Id.)

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Plaintiff was housed at Pleasant Valley State Prison from August 20, 2004 to June 14, 2006, Kern Valley State Prison from June 14, 2006 to March 20, 2007, Pleasant Valley State Prison from March 20, 2007 to December 19, 2007, and High Desert State Prison from December 19, 2007 to the present. (Doc. 16, Motion, Ex. B.) While the date Plaintiff's claims accrued is not clear from the complaint, Defendants searched for and located no exhausted appeals from August 20, 2004, through the date this suit was filed. (Id., Ex. B, Billings Dec., Emigh Dec., Huckabay Dec.) Plaintiff submitted one appeal at Kern Valley State Prison, which was withdrawn by Plaintiff, and seven appeals at Pleasant Valley State Prison. (Id., Billings Dec. ¶3, Huckabay Dec. ¶3.) Five of those seven appeals involved complaints unrelated to Plaintiff's claims in this action. (Id., Huckabay Dec. ¶3.) Of the remaining two, a third level decision on appeal log number 07-01959 was issued on November 16, 2007, and a second level response on appeal log number 07-02661 was issued in October 2007. (Id., Exs. C, D.)

In appeal log number 07-01959, Plaintiff is challenging his disciplinary conviction for knife possession. The Court finds that this appeal does not grieve Plaintiff's claim that Defendants set him up to be hurt by his unstable cellmate in order to retaliate against him for his past litigation. In any event, that appeal was denied at the second level of review in August 2007, and accepted for review at the third level on August 20, 2007. Third level decisions are to be issued within sixty working days, tit. 15, § 3084.6(b)(4), and Plaintiff filed suit on September 10, 2007, well before that deadline.

3

In appeal log number 07-02661, Plaintiff also grieved the knife issue. The appeal does contain facts concerning the endangerment of Plaintiff's safety, although retaliation for litigation activities is not mentioned. The appeal was sent directly to the second level of review, and a denial was issued on October 5, 2007, after this suit was filed.[3]

Defendants have identified only two appeals which are related to the claims in this action, and neither appeal was exhausted prior to the date this suit was filed. Defendants have met their burden of demonstrating non-exhaustion. Plaintiff failed to file a response to Defendants' motion, and his conclusory allegation in his complaint that his appeal was screened out as part of the plan to refuse to process it does not save this action from dismissal. As Plaintiff was notified via the Court's Second Informational Order, he is required to oppose the motion by setting forth specific facts regarding exhaustion. Plaintiff has not submitted any evidence demonstrating that he exhausted or that his appeal was wrongfully screened out, and the Court therefore recommends that this action be dismissed.

### IV. Conclusion and Recommendation

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed August 8, 2008, be GRANTED, and this action be dismissed without prejudice.[4]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///

---

[3] A denial at the second level necessitates pursuit to the third and final level of review.

[4] Defendants Hill and Petrick were not served but have not been dismissed pursuant to Federal Rule of Civil Procedure 4(m). Because the claims against all of the defendants arise from the same events, the finding that Plaintiff failed to exhaust his claims results in dismissal of the entire action.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 10, 2008**             /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE